IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN JOSEPH McALEAVEY, JR.,

       Plaintiff,                          Civil Action No.

vs.

THE CITY OF PITTSBURGH, LUCAS P.
COYNE, STEVEN A. CRISANTI, JEFFERY
T. DESCHON, DAVID KAZMIERCZAK,
WILLIAM T. MUDRON, BRIAN M. ROBERTS,
SEAN T. STAFIEJ, MARK E. SULLIVAN,
THE BOROUGH OF DORMONT, JON
SAGWITZ, THE BOROUGH OF MILLVALE,
JOHN KOENIG, THE TOWNSHIP OF
RESERVE, ROBERT STIPETICH, THE
TOWNSHIP OF SHALER, BRUCE MION,

       Defendants.

## COMPLAINT

AND NOW, comes the Plaintiff, John Joseph McAleavey, Jr., by and through his attorney, Gianni Floro, Esquire, and files the following Complaint:

I.    PARTIES:

1.    The Plaintiff, John Joseph McAleavey, Jr. (hereinafter, "McAleavey"), is an adult individual who at all relevant times resided at 526 Springfield Street, Pittsburgh, Allegheny County, Pennsylvania 15220.

2.    The Defendant, the City of Pittsburgh (hereinafter, "Pittsburgh"), is a political subdivision of the Commonwealth of Pennsylvania, duly organized as a city possessing the power to sue and be sued, with headquarters located at 1203 Western Avenue, Pittsburgh, Allegheny County, Pennsylvania 15233.

3.    Pittsburgh is vested with the management and administration of law

enforcement in Pittsburgh, by and through its agency, the Pittsburgh Police Department, in which it is further vested with the supervision and training of police officers so employed.

4.      The Defendant, Lucas P. Coyne (hereinafter, "Coyne"), is an adult individual who was employed as a police officer with the Pittsburgh Police Department, and who regularly performed his duties at 1203 Western Avenue, Pittsburgh, Allegheny County, Pennsylvania 15233.  At all times pertinent to this action, Coyne was employed as a police officer and responsible for all duties associated with said position in the aforementioned agency.  Coyne's employment with the Pittsburgh Police Department qualified him as an agent, official, officer and/or employee of Pittsburgh.  This action is undertaken against Coyne in his official capacity as an agent, official, officer and/or employee of Pittsburgh, and individually in the course of his employment and/or agency.  At all times Coyne's conduct was willful and deliberate.

5.      The Defendant, Steven A. Crisanti (hereinafter, "Crisanti"), is an adult individual who was employed as a police officer with the Pittsburgh Police Department, and who regularly performed his duties at 1203 Western Avenue, Pittsburgh, Allegheny County, Pennsylvania 15233.  At all times pertinent to this action, Crisanti was employed as a police officer and responsible for all duties associated with said position in the aforementioned agency.  Crisanti's employment with the Pittsburgh Police Department qualified him as an agent, official, officer and/or employee of Pittsburgh.  This action is undertaken against Crisanti in his official capacity as an agent, official, officer and/or employee of Pittsburgh, and individually in the course of his employment and/or agency.  At all times Crisanti's conduct was willful and deliberate.

6. The Defendant, Jeffrey T. DeSchon (hereinafter, "DeSchon"), is an adult individual who was employed as a police officer with the Pittsburgh Police Department, and who regularly performed his duties at 1203 Western Avenue, Pittsburgh, Allegheny County, Pennsylvania 15233. At all times pertinent to this action, DeSchon was employed as a police officer and responsible for all duties associated with said position in the aforementioned agency. DeSchon's employment with the Pittsburgh Police Department qualified him as an agent, official, officer and/or employee of Pittsburgh. This action is undertaken against DeSchon in his official capacity as an agent, official, officer and/or employee of Pittsburgh, and individually in the course of his employment and/or agency. At all times DeSchon's conduct was willful and deliberate.

7. The Defendant, David Kazmierczak (hereinafter, "Kazmierczak"), is an adult individual who was employed as a police officer with the Pittsburgh Police Department, and who regularly performed his duties at 1203 Western Avenue, Pittsburgh, Allegheny County, Pennsylvania 15233. At all times pertinent to this action, Kazmierczak was employed as a police officer and responsible for all duties associated with said position in the aforementioned agency. Kazmierczak's employment with the Pittsburgh Police Department qualified him as an agent, official, officer and/or employee of Pittsburgh. This action is undertaken against Kazmierczak in his official capacity as an agent, official, officer and/or employee of Pittsburgh, and individually in the course of his employment and/or agency. At all times Kazmierczak's conduct was willful and deliberate.

8. The Defendant, William T. Mudron (hereinafter, "Mudron"), is an adult individual who was employed as a police officer with the Pittsburgh Police Department,

and who regularly performed his duties at 1203 Western Avenue, Pittsburgh, Allegheny County, Pennsylvania 15233.  At all times pertinent to this action, Mudron was employed as a police officer and responsible for all duties associated with said position in the aforementioned agency.  Mudron's employment with the Pittsburgh Police Department qualified him as an agent, official, officer and/or employee of Pittsburgh.  This action is undertaken against Mudron in his official capacity as an agent, official, officer and/or employee of Pittsburgh, and individually in the course of his employment and/or agency.  At all times Mudron's conduct was willful and deliberate.

      9.      The Defendant, Brian M. Roberts (hereinafter, "Roberts"), is an adult individual who was employed as a police officer with the Pittsburgh Police Department, and who regularly performed his duties at 1203 Western Avenue, Pittsburgh, Allegheny County, Pennsylvania 15233.  At all times pertinent to this action, Roberts was employed as a police officer and responsible for all duties associated with said position in the aforementioned agency.  Roberts' employment with the Pittsburgh Police Department qualified him as an agent, official, officer and/or employee of Pittsburgh.  This action is undertaken against Roberts' in his official capacity as an agent, official, officer and/or employee of Pittsburgh, and individually in the course of his employment and/or agency.  At all times Roberts' conduct was willful and deliberate.

      10.      The Defendant, Sean T. Stafiej (hereinafter, "Stafiej"), is an adult individual who was employed as a police officer with the Pittsburgh Police Department, and who regularly performed his duties at 1203 Western Avenue, Pittsburgh, Allegheny County, Pennsylvania 15233.  At all times pertinent to this action, Stafiej was employed as a police officer and responsible for all duties associated with said position in the

aforementioned agency.  Stafiej's employment with the Pittsburgh Police Department qualified him as an agent, official, officer and/or employee of Pittsburgh.  This action is undertaken against Stafiej in his official capacity as an agent, official, officer and/or employee of Pittsburgh, and individually in the course of his employment and/or agency.  At all times Stafiej's conduct was willful and deliberate.

11. The Defendant, Mark E. Sullivan (hereinafter, "Sullivan"), is an adult individual who was employed as a police officer with the Pittsburgh Police Department, and who regularly performed his duties at 1203 Western Avenue, Pittsburgh, Allegheny County, Pennsylvania 15233.  At all times pertinent to this action, Sullivan was employed as a police officer and responsible for all duties associated with said position in the aforementioned agency.  Sullivan's employment with the Pittsburgh Police Department qualified him as an agent, official, officer and/or employee of Pittsburgh.  This action is undertaken against Sullivan in his official capacity as an agent, official, officer and/or employee of Pittsburgh, and individually in the course of his employment and/or agency.  At all times Sullivan's conduct was willful and deliberate.

12. The Defendant, the Borough of Dormont (hereinafter, "Dormont"), is a political subdivision of the Commonwealth of Pennsylvania, duly organized as a borough possessing the power to sue and be sued, with offices located at 1444 Hillsdale Avenue, Dormont, Allegheny County, Pennsylvania 15216.

13. Dormont is vested with the management and administration of law enforcement in Dormont, by and through its agency, the Dormont Police Department, in which it is further vested with the supervision and training of police officers so employed.

14.     The Defendant, Jon Sagwitz (hereinafter, "Sagwitz"), is an adult individual who was employed as a police officer with the Dormont Police Department, and who regularly performed his duties at 1444 Hillsdale Avenue, Dormont, Allegheny County, Pennsylvania 15216.  At all times pertinent to this action, Sagwitz was employed as a police officer and responsible for all duties associated with said position in the aforementioned agency.  Sagwitz's employment with the Dormont Police Department qualified him as an agent, official, officer and/or employee of Dormont.  This action is undertaken against Sagwitz in his official capacity as an agent, official, officer and/or employee of Dormont, and individually in the course of his employment and/or agency.  At all times Sagwitz's conduct was willful and deliberate.

15.     The Defendant, the Borough of Millvale (hereinafter, "Millvale"), is a political subdivision of the Commonwealth of Pennsylvania, duly organized as a borough possessing the power to sue and be sued, with offices located at 501 Lincoln Avenue, Millvale, Allegheny County, Pennsylvania 15209.

16.     Millvale is vested with the management and administration of law enforcement in Millvale, by and through its agency, the Millvale Police Department, in which it is further vested with the supervision and training of police officers so employed.

17.     The Defendant, John Koenig (hereinafter, "Koenig"), is an adult individual who was employed as a police officer with the Millvale Police Department, and who regularly performed his duties at 501 Lincoln Avenue, Millvale, Allegheny County, Pennsylvania 15209.  At all times pertinent to this action, Koenig was employed as a police officer and responsible for all duties associated with said position in the

aforementioned agency. Koenig's employment with the Millvale Police Department qualified him as an agent, official, officer and/or employee of Millvale. This action is undertaken against Koenig in his official capacity as an agent, official, officer and/or employee of Millvale, and individually in the course of his employment and/or agency. At all times Koenig's conduct was willful and deliberate.

18. The Defendant, the Township of Reserve (hereinafter, "Reserve"), is a political subdivision of the Commonwealth of Pennsylvania, duly organized as a township possessing the power to sue and be sued, with offices located at 33 Lonsdale Street, Reserve Township, Allegheny County, Pennsylvania 15212.

19. Reserve is vested with the management and administration of law enforcement in Reserve, by and through its agency, the Reserve Township Police Department, in which it is further vested with the supervision and training of police officers so employed.

20. The Defendant, Robert Stipetich (hereinafter, "Stipetich"), is an adult individual who was employed as a police officer with the Reserve Township Police Department, and who regularly performed his duties at 33 Lonsdale Street, Reserve Township, Allegheny County, Pennsylvania 15212. At all times pertinent to this action, Stipetich was employed as a police officer and responsible for all duties associated with said position in the aforementioned agency. Stipetich's employment with the Reserve Township Police Department qualified him as an agent, official, officer and/or employee of Reserve. This action is undertaken against Stipetich in his official capacity as an agent, official, officer and/or employee of Reserve, and individually in the course of his employment and/or agency. At all times Stipetich's conduct was willful and deliberate.

21. The Defendant, the Township of Shaler (hereinafter, "Shaler"), is a political subdivision of the Commonwealth of Pennsylvania, duly organized as a township possessing the power to sue and be sued, with offices located at 300 Wetzel Road, Glenshaw, Allegheny County, Pennsylvania 15116.

22. Shaler is vested with the management and administration of law enforcement in Shaler, by and through its agency, the Shaler Township Police Department, in which it is further vested with the supervision and training of police officers so employed.

23. The Defendant, Bruce Mion (hereinafter, "Mion"), is an adult individual who was employed as a police officer with the Shaler Township Police Department, and who regularly performed his duties at 300 Wetzel Road, Glenshaw, Allegheny County, Pennsylvania 15116.  At all times pertinent to this action, Mion was employed as a police officer and responsible for all duties associated with said position in the aforementioned agency.  Mion's employment with the Shaler Township Police Department qualified him as an agent, official, officer and/or employee of Shaler.  This action is undertaken against Mion in his official capacity as an agent, official, officer and/or employee of Shaler, and individually in the course of his employment and/or agency.  At all times Mion's conduct was willful and deliberate.

II.     JURISDICTION:

24. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 (federal questions jurisdiction) and 1343 (civil rights).

25. The claims for relief and causes of action alleged herein arise under 42 U.S.C. §1983, the 4th and 14th Amendments to the United States Constitution.

26. The various acts and omissions alleged herein were engaged in and carried out by Coyne, Crisanti, DeSchon, Kazmierczak, Mudron, Roberts, Stafiej and Sullivan, acting as representatives of Pittsburgh, which was acting by and through Coyne, Crisanti, DeSchon, Kazmierczak, Mudron, Roberts, Stafiej and Sullivan as its employees and officials, pursuant to governmental custom, practice and/or policy which was so permanent and well-settled that it constituted practice or policy of Pittsburgh, which had the force and effect of law:

    a. The City of Pittsburgh has condoned the use of excessive force by its officers during and following the forcible vehicular stops of suspected actors;

    b. the City of Pittsburgh has condoned the use of excessive force by officers employed and/or acting on behalf of other municipalities and their attendant law enforcement agencies in using excessive force during and following the forcible vehicular stops of suspected actors; and

    c. the City of Pittsburgh has failed in protecting suspected actors from being victims of excessive force by other municipalities and their attendant agencies while the suspected actors are in the care, custody and control of the City of Pittsburgh following the forcible vehicular stops of suspected actors.

27. All said actions/inactions alleged herein pertaining to 42 U.S.C. §§ 1983, *et seq.,* were engaged in and carried out under the color of state law and deprived McAleavey of his rights, privileges and immunities as guaranteed by the Constitution and the laws of the United States, for which Coyne, Crisanti, DeSchon, Kazmierczak, Mudron, Roberts, Stafiej and Sullivan are also individually liable.

28. The various acts and omissions alleged herein were engaged in and carried out by Sagwitz, acting as a representative of Dormont, which was acting by and

through Sagwitz as its employee and official, pursuant to governmental custom, practice and/or policy which was so permanent and well-settled that it constituted practice or policy of Dormont, which had the force and effect of law:

    a.    Dormont has condoned the use of excessive force by its officers during and following the forcible vehicular stops of suspected actors; and

    b.    Dormont has condoned the practice of its officers in traveling into adjacent or nearby jurisdictions and using excessive force by its officers during and following the forcible vehicular stops of suspected actors.

29.    All said actions/inactions alleged herein pertaining to 42 U.S.C. §§ 1983, *et seq.,* were engaged in and carried out under the color of state law and deprived McAleavey of his rights, privileges and immunities as guaranteed by the Constitution and the laws of the United States, for which Sagwitz is also individually liable.

30.    The various acts and omissions alleged herein were engaged in and carried out by Koenig, acting as a representative of Millvale, which was acting by and through Koenig as its employee and official, pursuant to governmental custom, practice and/or policy which was so permanent and well-settled that it constituted practice or policy of Millvale, which had the force and effect of law:

    a.    Millvale has condoned the use of excessive force by its officers during and following the forcible vehicular stops of suspected actors; and

    b.    Millvale has condoned the practice of its officers in traveling into adjacent or nearby jurisdictions and using excessive force by its officers during and following the forcible vehicular stops of suspected actors.

31.    All said actions/inactions alleged herein pertaining to 42 U.S.C. §§ 1983, *et seq.,* were engaged in and carried out under the color of state law and deprived

McAleavey of his rights, privileges and immunities as guaranteed by the Constitution and the laws of the United States, for which Koenig is also individually liable.

32.     The various acts and omissions alleged herein were engaged in and carried out by Stipetich, acting as a representative of Reserve, which was acting by and through Stipetich as its employee and official, pursuant to governmental custom, practice and/or policy which was so permanent and well-settled that it constituted practice or policy of Reserve, which had the force and effect of law, which had the force and effect of law:

    a.  Reserve has condoned the use of excessive force by its officers during and following the forcible vehicular stops of suspected actors; and

    b.  Reserve has condoned the practice of its officers in traveling into adjacent or nearby jurisdictions and using excessive force by its officers during and following the forcible vehicular stops of suspected actors.

33.     All said actions/inactions alleged herein pertaining to 42 U.S.C. §§ 1983, *et seq.,* were engaged in and carried out under the color of state law and deprived McAleavey of his rights, privileges and immunities as guaranteed by the Constitution and the laws of the United States, for which Stipetich is also individually liable.

34.     The various acts and omissions alleged herein were engaged in and carried out by Mion, acting as a representative of Shaler, which was acting by and through Mion as its employee and official, pursuant to governmental custom, practice and/or policy which was so permanent and well-settled that it constituted practice or policy of Shaler, which had the force and effect of law:

    a.  Shaler has condoned the use of excessive force by its officers during and following the forcible vehicular stops of

11

          suspected actors; and

    b.    Shaler has condoned the practice of its officers in traveling into adjacent or nearby jurisdictions and using excessive force by its officers during and following the forcible vehicular stops of suspected actors.

35.    All said actions/inactions alleged herein pertaining to 42 U.S.C. §§ 1983, *et seq.*, were engaged in and carried out under the color of state law and deprived McAleavey of his rights, privileges and immunities as guaranteed by the Constitution and the laws of the United States, for which Mion is also individually liable.

III.    FACTS:

36.    On September 9, 2008, at approximately 6:19 PM, following a vehicular pursuit by police in conjunction to a suspected bank robbery, McAleavey's vehicle was stopped on the 31st Street Bridge in Pittsburgh after all four (4) tires had been deflated.

37.    McAleavey was removed from the vehicle and a total of twelve (12) police officers participated in the detention of McAleavey, who was unarmed, posed no imminent threat and did not resist arrest following the disabling of his vehicle.

38.    Prior to the administration of handcuffs and during his placement in police custody, McAleavey suffered an assault at the hands of Coyne, Crisanti, DeSchon, Kazmierczak, Koenig, Mion, Mudron, Roberts, Sagwitz, Stipetich, Stafiej and Sullivan. The officers collectively punched, kicked, tasered and struck (using collapsible police-issued batons and closed fists) McAleavey repeatedly and continuously for a period of time lasting approximately twenty (20) seconds.

39.    As a direct and proximate result of the assault administered by Coyne, Crisanti, DeSchon, Kazmierczak, Koenig, Mion, Mudron, Roberts, Sagwitz, Stipetich,

Stafiej and Sullivan, McAleavey suffered severe injury, including a broken nose, facial abrasions, closed head injury and multiple contusions. Many of his most severe injuries have resulted in persistent neurological injuries that remain to date.

40. As a further proximate result of this incident, McAleavey endured great physical pain and suffering; he also suffered and continues to suffer humiliation, shame, embarrassment, self-revulsion, damage to his self-esteem and self-worth, mental anguish, inconvenience and also suffers a loss of life's enjoyment.

41. As a further result of this incident, McAleavey has and will suffer a reduction in his future horizons as his persistent neurological injuries as a result of the closed head injury have impaired his ability to care for himself and maintain gainful employment in the future.

COUNT I
VIOLATION OF PLAINTIFF'S CIVIL RIGHTS 42 U.S.C. §§1983, *et seq.*
EXCESSIVE FORCE
JOHN JOSEPH McALEAVEY, JR. v.
THE CITY OF PITTSBURGH, LUCAS P. COYNE, STEVEN A. CRISANTI, JEFFERY T. DESCHON, DAVID KAZMIERCZAK, WILLIAM T. MUDRON, BRIAN M. ROBERTS, SEAN T. STAFIEJ, MARK E. SULLIVAN, THE BOROUGH OF DORMONT, JON SAGWITZ, THE BOROUGH OF MILLVALE, JOHN KOENIG, THE TOWNSHIP OF RESERVE, ROBERT STIPETICH, THE TOWNSHIP OF SHALER, BRUCE MION

42. Paragraphs 1 through 41 are incorporated by reference, as fully as if they were set forth at length herein.

43. Pittsburgh, Dormont, Millvale, Reserve and Shaler, acting by and through its officials and officers, who were acting under color of state law, physically restrained McAleavey and seized him using excessive and objectively unreasonable physical force.

44. As a direct and proximate result of the physical attack by Coyne, Crisanti,

DeSchon, Kazmierczak, Koenig, Mion, Mudron, Roberts, Sagwitz, Stipetich, Stafiej and Sullivan, McAleavey suffered severe injuries including:

      a.    a broken nose;

      b.    facial abrasions;

      c.    closed head injury;

      d.    other physical injuries;

      e.    persistent neurological injuries; and

      e.    psychological trauma.

45. As a further proximate result of this incident McAleavey endured great physical pain and suffering; he also suffered and continues to suffer humiliation, shame, embarrassment, self-revulsion, damage to his self-esteem and self-worth, mental anguish, inconvenience, and also suffers a loss of life's enjoyment, especially with regard to his friends and family.

46. As a further result of this incident, McAleavey has and will suffer a reduction in his future horizons as his persistent neurological injuries as a result of the closed head injury have impaired his ability to care for himself and maintain gainful employment in the future.

47. All of the aforementioned activities are consistent with the policy, custom and practice of Pittsburgh, Dormont, Millvale, Reserve and Shaler, and/or its officers and officials, to condone and permit the use of excessive force in seizures of persons, and to specifically deprive citizens of their constitutionally protected rights.

48. As a direct and proximate result of the acts and omissions of the Defendants, McAleavey suffered those damages and injuries incorporated by

reference, as if more fully stated herein.

    49.    A jury trial is demanded.

WHEREFORE, the Plaintiff, John Joseph McAleavey, Jr., respectfully requests an award in his favor and against the Defendants, the City of Pittsburgh, the Borough of Dormont, the Borough of Millvale, the Township of Reserve, the Township of Shaler, Lucas P. Coyne, Steven A. Crisanti, Jeffery T. DeSchon, David Kazmierczak, John Koenig, Bruce Mion, William T. Mudron, Brian M. Roberts, Jon Sagwitz, Robert Stipetich, Sean T. Stafiej and Mark E. Sullivan, jointly and severally, of an amount in excess of $75,000.00, an award of attorneys fees and costs, plus an award of punitive damages against Coyne, Crisanti, DeSchon, Kazmierczak, Koenig, Mion, Mudron, Roberts, Sagwitz, Stipetich, Stafiej and Sullivan individually.

                                          Respectfully submitted,

                                          /s/  Gianni Floro
                                          Gianni Floro, Esquire
                                          PA ID No. 85837
                                          Attorney for Plaintiff
                                          935 Beaver Grade Road, Suite 6
                                          Moon Township, PA  15108
                                          P:  (412) 264-6040
                                          F:  (412) 264-2510
                                          E:  gfloro84@comcast.net

A JURY TRIAL IS DEMANDED